**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

April 7, 2020

**By ECF**
Hon. George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   United States v. Jonathan Feliz**
        **09 Cr. 195 (GBD)**

Dear Judge Daniels:

On behalf of Jonathan Feliz, I write to advise the Court of the Second Circuit's decision in United States v. Scott, ___ F.3d ___, 2020 WL 1522825 (2d Cir. March 31, 2020). Scott supports Feliz's argument that the New York state offense of attempted second-degree murder, N.Y. Penal Law §§ 110.00 and 125.25(1), is not a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A). See Feliz Mem. (Dkt. No. 1003), at 10-13; Feliz Reply (Dkt. No. 1023), at 11-16.[1]

Scott holds that the New York state offense of first-degree manslaughter, N.Y. Penal Law § 125.20(1) (applicable to one who "[w]ith intent to cause serious physical injury to another person, ... causes the death of such person"), is not a violent felony under the elements clause of the Armed Career Criminal Act ("ACCA"). 2020 WL 1522825, at *9. Scott reasons that (i) "first-degree manslaughter can be committed by omission," as when a parent fails to obtain needed medical care for a child, id. at *4 (discussing People v. Steinberg, 79 N.Y.2d 673 (1992)); and (ii) "a crime that may be committed by complete inaction "does not have 'as an element the use ... of physical force against the person of another,'" id. at *9 (quoting 18

---

[1] Feliz had suggested that this Court defer consideration of his motion pending the disposition of Scott. Feliz Reply, at 12.

Hon. George B. Daniels  April 7, 2020
United States District Judge  Page 2

**Re:  United States v. Johnathan Feliz**
**09 Cr. 195 (GBD)**

U.S.C. § 924(e)(2)(B)(i)). Scott therefore "hold[s] that ... New York first-degree manslaughter is not a predicate crime of violence because it can be committed by complete inaction and therefore without the use of force." Id. at *1. In so holding, Scott accepts Feliz's argument that an offense that can be accomplished by omission -- even a homicide offense with a mens rea of intent -- does not categorically satisfy the elements clause, and rejects the government's argument to the contrary.

Scott's holding applies to attempted second-degree murder, §§ 110.00 and 125.25(1), the offense potentially at issue here.[2] At the threshold, although Scott concerns ACCA's elements clause, the Second Circuit has "looked to cases analyzing ACCA's elements clause to interpret the 'similarly ... worded' force clause presented in § 924(c)(3)(A)." United States v. Evans, 924 F.3d 21, 29 n.4 (2d Cir. 2019) (quoting United States v. Hill, 890 F.3d 51, 56 (2d Cir. 2018)). Scott's conclusion that omissions do not constitute the "use" of force under ACCA likewise reaches § 924(c)(3)(A).

Moreover, the first-degree manslaughter offense at issue in Scott differs from second-degree murder only with respect to mental state: the actus reus and causation elements are identical. Compare § 125.20(1) ("with intent to cause serious physical injury[,] ... causes ... death") with § 125.25(1) ("with intent to cause ... death[,] ... causes ... death"). Consequently, if a defendant's culpable omission reflects an intent to cause death (rather than just serious physical injury), New York law permits his prosecution for second-degree murder. As Scott noted, Steinberg established the legal sufficiency of omissions to support "homicide" convictions: "'Parents have a nondelegable affirmative duty to provide their children with adequate medical care. Thus, a parent's failure to

---

[2] Feliz's principal argument is that, as his allocution reflects, the actual predicate crime of violence for his § 924(c) conviction was conspiracy to commit murder, N.Y. Penal Law §§ 105.15 and 125.25. Feliz Mem., at 6-8; Feliz Reply, at 3-11. Even the government concedes that that offense does not satisfy § 924(c)(3)(A)'s elements clause. Gov't Opp. (Dkt. No. 1016), at 2, 20 n.15. If this Court agrees that Feliz's § 924(c) conviction was predicated on a conspiracy, then this Court need not reach his secondary argument that attempted murder is not an elements-clause crime of violence.

Hon. George B. Daniels  April 7, 2020
United States District Judge  Page 3

**Re:    United States v. Johnathan Feliz**
         **09 Cr. 195 (GBD)**

fulfill that duty can form the basis of a homicide charge.'" Scott, 2020 WL 1522825, at *4 (emphasis in Scott) (quoting Steinberg, 79 N.Y.2d at 680). And Steinberg clarified that this reasoning encompassed even homicide offenses with a mens rea of intent, such as § 125.25(1): "[D]efendant's argument that the failure to obtain medical care for a child may not, as a matter of law, support a homicide charge that requires intent must be rejected." 79 N.Y.2d at 681.

Indeed, Judge Raggi, dissenting in Scott, made just this point: "Carried to its logical ... conclusion, the majority's reasoning would preclude even intentional murder from being recognized as a categorical ... crime of violence because, presumably, a person can cause death through omission whether his specific intent is to kill, see N.Y. Penal Law § 125.25 (second-degree murder), or to cause serious physical injury, see id. § 125.20(1) (first-degree manslaughter)." 2020 WL 1522825, at *16. Judge Raggi is correct: Just as Steinberg's failure to obtain medical care for his child supported a first-degree manslaughter conviction, the same omission would have supported a second-degree murder conviction, "so long as there [was] sufficient proof of the requisite mens rea" -- intent to cause the child's death. Steinberg, 79 N.Y.2d at 680. Steinberg himself so acknowledged. See id. at 681 (noting Steinberg's argument that "'everyone' knows that failure to supply food to a child will lead to death, and thus intentional homicide is a proper charge under those circumstances").

Finally, Scott applies to attempts, which can also be accomplished by omission. N.Y. Penal Law § 110.00 provides: "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." And N.Y. Penal Law § 15.10(4) defines "conduct" to mean "an act or omission and its accompanying mental state" (emphasis added). See also N.Y. Penal Law § 15.10 ("The minimal requirement for criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing."). Put in concrete terms, if the evidence in Steinberg had supported a finding that Steinberg intended not just to injure his child but to kill her -- as Steinberg conceded would have been the case if he had starved her -- but the child had survived, then Steinberg would have been guilty of attempted intentional murder, §§ 110.00 and

Hon. George B. Daniels  April 7, 2020
United States District Judge  Page 4

**Re:  United States v. Johnathan Feliz**
     **09 Cr. 195 (GBD)**

125.25(1), by omission.

Feliz need not identify a New York state case prosecuting a culpable omission as attempted intentional murder because §§ 15.00(4), 15.10, and 110.00 expressly impose attempt liability for failures to act. Under this legal framework, "[t]he realistic probability test is obviated by the wording of the state statute, which on its face extends to conduct beyond the definition of the corresponding federal offense." Hylton v. Sessions, 897 F.3d 57, 63 (2d Cir. 2018). Hylton makes clear that there is "no requirement" to tender an actual state case involving a prosecution for non-qualifying conduct "'when the statutory language itself ... creates the realistic probability that a state would apply the statute to conduct beyond the generic definition.'" Id. (quoting Ramos v. U.S. Att'y Gen., 709 F.3d 1066, 1072 (11th Cir. 2013)). Rather, "[w]hen the state law is facially overbroad, 'we look no further.'" Id. at 65 (quoting Martinez v. Mukasey, 551 F.3d 113, 120 (2d Cir. 2008)).

In light of Scott, this Court should therefore conclude -- if it is necessary to reach the question, see supra n.2 -- that attempted second degree murder, §§ 110.00 and 125.25(1), is a not a crime of violence under § 924(c)(3)(A)'s elements clause.

Sincerely,

/s/ Daniel Habib
Asst. Federal Defender
Tel.: (212) 417-8769

CC:  Government Counsel (by ECF)